UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WINSTON M. HANCOCK,

                              Plaintiff,

           v.

JOEL HASPER,

                              Defendant.
_____

DECISION & ORDER

17-CV-6336CJS

          *Pro se* plaintiff Winston M. Hancock ("plaintiff") has filed suit pursuant to 42 U.S.C. § 1983 against defendant Joel Hasper ("defendant"), an officer with the Rochester Police Department, for false and retaliatory arrest and excessive force in connection with the arrest, in violation of the Fourth Amendment.[1] (Docket # 4). Currently pending before this Court is plaintiff's request for the appointment of counsel. (Docket # 24).

## Motion for Appointment of Counsel

          It is well-settled that there is no constitutional right to appointed counsel in civil cases. *See Boyd v. Petralis*, 2017 WL 4533649, *1 (W.D.N.Y. 2017); *Baez v. Rathbun*, 2017 WL 1324557, *1 (W.D.N.Y. 2017). Although the court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the

---

[1] Plaintiff filed an original and an amended complaint, naming as defendants Joel Hasper, in both his individual and official capacities, and the City of Rochester. (Docket ## 1, 4). Both complaints were screened pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A). (Docket ## 3, 7). The claims against the City of Rochester and Joel Hasper in his official capacity have been dismissed. (Docket # 7 at 4-6). The claims of false and retaliatory arrest and excessive force against Joel Hasper in his individual capacity remain pending. *Id*. at 3-4.

judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The factors to be considered in deciding whether to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented for the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986).

The Court must consider carefully the issue of appointment of counsel because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the … claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law and finds, pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and *Hodge*, 802 F.2d at 61-62, that the appointment of counsel is not warranted at this time. As stated above, a plaintiff seeking the appointment of counsel must demonstrate some likelihood of success on the merits, which plaintiff has not done at this stage. Consideration of the nature of the factual and legal issues involved in this case, as well as plaintiff's ability to present his claims, also weighs against appointment of counsel.

Plaintiff's amended complaint asserts that defendant unlawfully arrested him and used excessive force in making the arrest, in violation of the Fourth Amendment. (Docket # 4). These legal claims are relatively straightforward.

Moreover, plaintiff's conduct in prosecuting this matter strongly suggests that he is capable of understanding and handling the litigation.[2] *See McLean v. Johnson*, 2017 WL 4157393, *1 (W.D.N.Y. 2017) (incarceration alone does not warrant the appointment of counsel). To date, plaintiff has filed an amended complaint, filed motions with the Court, and participated in a scheduling conference. (Docket ## 4, 12, 23). At the scheduling conference on August 30, 2018, plaintiff appeared by telephone and addressed the scheduling order with counsel and the Court. (Docket # 20). Finally, plaintiff's case does not present any special reasons justifying the assignment of counsel.

---

[2] The Court has previously provided plaintiff with a copy of the Court's *Pro Se Guidelines* to assist him; another copy is enclosed herewith.

Plaintiff's motion to appoint counsel **(Docket # 24)** is **DENIED without prejudice** at this time. It is plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

**IT IS SO ORDERED**.

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
April 19, 2019